IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARDY KEOLAMA AH PUCK, JR., A0723792,<br><br>Petitioner,<br><br>v.<br><br>STATE OF HAWAII, ET AL.,<br><br>Respondents. | CIV. NO. 24-00571 JMS-KJM<br><br>ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS, ECF NO. 1, WITH LEAVE GRANTED TO AMEND AND ORDER TO SHOW CAUSE |

### ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS, ECF NO. 1, WITH LEAVE GRANTED TO AMEND AND ORDER TO SHOW CAUSE

Before the court is a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition") filed by pro se Petitioner Hardy Keolama Ah Puck, Jr. ("Ah Puck").[1] ECF No. 1. In the Petition, Ah Puck challenges his state court conviction and sentence in *State v. Ah Puck*, No. 2CPC-23-0000460 (Haw. Cir. Ct.). *See* ECF No. 1 at PageID.7, 9–10. The court construes the Petition as being filed pursuant to 28 U.S.C. § 2254. *See Neal v. Shimoda*, 131 F.3d 818, 823–24 (9th Cir. 1997) (stating that 28 U.S.C. § 2254 provides the exclusive remedy for a

---

[1] Ah Puck is currently incarcerated at the Halawa Correctional Facility ("HCF"), a State of Hawaii prison. *See* ECF No. 1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A0723792," and select "Search") (last visited Feb. 25, 2025).

state prisoner challenging the fact or duration of his confinement). So construed, the court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Because Ah Puck has not named a proper respondent, the Petition is DISMISSED with leave to amend. If Ah Puck chooses to file an amended petition, he is ORDERED TO SHOW CAUSE in writing how his claims are fully exhausted. Unless Ah Puck can show that he properly exhausted his state remedies prior to filing the amended Petition, this action must be dismissed. Alternatively, Ah Puck may voluntarily dismiss this action. He can then pursue any appropriate claims after his state remedies have been properly exhausted.

## I. BACKGROUND

On November 6, 2023, Ah Puck was charged with various crimes in an eight-count felony information and non-felony complaint that was filed in Hawaii state court. *See* Felony Information and Non-Felony Complaint, *State v. Ah Puck*, No. 2CPC-23-0000460 (Haw. Cir. Ct. Nov. 6, 2023), Dkt. 1.[2] After trial, a jury found Ah Puck guilty of one count of theft in the fourth degree and one count of habitual property crime, and the state circuit court sentenced Ah Puck to

---

[2] In the Petition, Ah Puck also refers to another state court case and a previous action filed in this district. *See* ECF No. 1 at PageID.1, 3. The charges in the other state court case—that is, *State v. Ah Puck*, 2DCW-23-0000302 (Haw. Cir. Ct.)—were dismissed on April 10, 2023, and the federal case, *Ah Puck v. State of Hawaii Court System*, No. 23-00349 JMS-WRP (D. Haw.), was dismissed on October 6, 2023. Thus, the other cases mentioned by Ah Puck in the Petition have no bearing on the court's analysis for purposes of this Order.

concurrent terms of incarceration of five years (with a mandatory minimum of one year), and thirty days. *See* Judgment of Conviction and Sentence, *Ah Puck*, No. 2CPC-23-0000460 (Haw. Cir. Ct. July 9, 2024), Dkt. 149.[3]

On July 10, 2024, Ah Puck filed a notice of appeal. *See* Notice of Appeal, *Ah Puck*, No. 2CPC-23-0000460 (Haw. Cir. Ct. July 10, 2024), Dkt. 155. That appeal remains pending in the Hawaii Intermediate Court of Appeals. *See State v. Ah Puck*, No. CAAP-24-0000471 (Haw. App.).

Ah Puck commenced this federal action by signing the Petition on November 17, 2024. ECF No. 1 at PageID.11. In the Petition, Ah Puck asserts that he is wrongfully imprisoned. *Id.* at PageID.1. Ah Puck paid the $5 filing fee associated with this action on February 10, 2025. ECF No. 4.

## II.  **LEGAL STANDARD**

Rule 4 of the Habeas Rules requires the court to make a preliminary review of each petition for writ of habeas corpus. The court may summarily dismiss a habeas corpus petition *sua sponte* if "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so,

---

[3] A court may take judicial notice of matters of public record but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

### III.  DISCUSSION

#### A.  Correct Respondent

Ah Puck names as Respondents the State of Hawaii, State Coordinator Francis Kau, Deputy Prosecuting Attorney Brandon Paredes, Deputy Prosecuting Attorney Chris Coble, "Aloha Mart and Gas Stations Management [Department] in Lahaina 711 Mill St.," and "Wild Fires that wiped out [Lahaina] August 8, 2023." ECF No. 1 at PageID.1

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]"  28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004). The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition."  *Padilla*, 542 U.S. at 434.  This is the person "with the ability to produce the prisoner's body before the habeas court."  *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the

4

petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the prisoner'"—because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)). Failure to properly name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian. *See Smith*, 392 F.3d at 354–55.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Padilla*, 542 U.S. at 435 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)); Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)").

Ah Puck is currently incarcerated at the HCF. Instead of naming as respondent the warden of the HCF, however, Ah Puck named various other individuals, an entity, and "wild fires." ECF No. 1 at PageID.1. Ah Puck fails to explain how any one of the named Respondents is his "immediate custodian" or how they have "day-to-day control" over him. *See Brittingham*, 982 F.3d at 379;

5

*Padilla*, 542 U.S. at 439–40. The court therefore finds no reason to abandon the default rule in this matter. *See Padilla*, 542 U.S. at 434; *see also Hull v. Hull*, 2021 WL 1244301, at n.1 (D. Alaska Apr. 2, 2021) ("The proper respondent in a habeas proceeding is the petitioner's *custodian*, not another party in a state civil case, the state court judge, or a city or state government."). The Petition is therefore DISMISSED with leave to amend.

If Ah Puck decides to proceed with this action, he must file an amended petition naming a correct respondent—for example, the warden at the HCF. *See Ah Puck v. Hawaii*, 2017 WL 2682074, at *1 (D. Haw. June 21, 2017); *Kaopua v. Hawaii*, 2010 WL 4007663, at *1 (D. Haw. Oct. 12, 2010). And, before the court will order any properly-named respondent to answer the Petition, however, Ah Puck must also SHOW CAUSE in writing why this action should not be dismissed for his failure to exhaust state remedies.

**B.     Exhaustion of State Remedies**

Section 2254 "generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Dixon v. Baker*, 847 F.3d 714, 718

6

(9th Cir. 2017) ("[B]efore . . . a [§ 2254] petition may be heard, the petitioner must seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." (internal quotation marks and citation omitted)).  A petitioner satisfies the exhaustion requirement by either: (1) fairly and fully presenting each federal claim to the highest relevant state court; or (2) showing that there is no state remedy available.  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

"[F]ederal courts may consider *sua sponte* whether the [petitioner] has exhausted state remedies . . . ."  *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992); *Eline v. Att'y Gen. of Haw.*, 2019 WL 2998551, at *3 (D. Haw. July 9, 2019) (same).  Where a habeas petition raises only unexhausted claims, the court must dismiss the petition.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

Here, state remedies are available to Ah Puck, including a direct appeal that remains pending in the Hawaii Intermediate Court of Appeals.  This federal action is premature, therefore, because Ah Puck has not yet exhausted his state remedies.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983)

7

("When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").

Ah Puck is reminded that federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Munoz v. Smith*, 17 F.4th 1237, 1238 (9th Cir. 2021). To satisfy the exhaustion requirement, any such claim must be "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Thus, a petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Insyxiengmay*, 403 F.3d at 668 (citation omitted). The "mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). At this point, the court cannot discern a federal claim in the Petition, nor is it apparent that any such claim has been presented to the Hawaii state courts.

## IV. **CONCLUSION**

(1)  The Petition is DISMISSED with leave to amend on or before March 25, 2025.  Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2)  If Ah Puck elects to file an amended petition, he is also ORDERED TO SHOW CAUSE in writing how his claims are fully exhausted. The response to the ORDER TO SHOW CAUSE is also due on or before March 25, 2025.

(3) In the alternative, Ah Puck may NOTIFY the court in writing on or before March 25, 2025, that he is voluntarily dismissing this action without prejudice.

(4)  The Clerk shall SEND Ah Puck a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 25, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge